UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| THOMAS PATRICK REILLY, JR., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAMBLEN COUNTY, TENNESSEE, )<br>ET AL. )<br>Defendants ) | NO: 2:07-CV-283 |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This matter is before the Court on the motion to dismiss filed by the defendant, City of Morristown, Tennessee. [Doc. 11]. Plaintiff has responded to the motion and has attached certain transcripts and exhibits in opposition to the motion. [Doc. 26]. Plaintiff has also filed a supplemental response, [Doc. 29], and the defendant has replied. [Doc. 30]. The matter is now ripe for disposition.

### I. Standard Of Review

As it must when considering a Rule 12(b)(6) motion, the Court will accept as true all factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the Court. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989); *Murphy v. Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts,

they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039-40 (6th Cir. 1991). A Rule 12(b)(6) motion tests only whether the plaintiff has pleaded a cognizable claim. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 2d 434, 436 (6th Cir. 1998). The complaint, however, must do more than make bare assertion of legal conclusions. *Columbia Natural Resources, Inc. v. Tadem*, 58 F.3d 1101, 1109 (6th Cir. 1995). Legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *LRL Props. v. Portage Metro Housing Authority*, 55 F.3d 1097, 1103 (6th Cir. 1995).

When a motion to dismiss under Rule 12(b)(6) is accompanied by matters outside the pleadings, as in this case, it is within the district court's discretion to consider such matters and decide the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(b). A district court must, however, provide a party with an opportunity to respond with relevant evidence before converting a motion to dismiss pursuant to Rule 12(b)(6) into a motion for summary judgment. *See Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995).

The plaintiff urges the Court to treat the motion of the City of Morristown as motion for summary judgment and, although the defendant has not submitted any evidence along with its reply, the City of Morristown has replied to the motion and states

2

no explicit objection to having its motion treated as one for summary judgment. After considering the parties' filings and the nature of the exhibits and transcripts submitted, however, the Court will not exercise its discretion to consider the motion as one for summary judgment and will decide the motion by applying the standard applicable to Rule 12(b)(6) motions.

For the reasons which follow, the Court will deny the motion of the City of Morristown.

**II.     Relevant Facts**

This action, brought pursuant to 42 U.S.C. § 1983, arises out of an incident which occurred on November 28, 2006, in Hamblen County, Tennessee, within the Eastern District of Tennessee. The co-defendant, Devin Cribley, was employed as a police officer by the Morristown Tennessee Police Department. He also worked as a volunteer fireman with the co-defendant, West Hamblen Volunteer Fire Department.

On November 28, 2006, the plaintiff left his place of employment shortly after noon. On his way home, and while traveling on McBride Road, the plaintiff, while negotiating a curve, encountered an automobile in his lane of travel. The plaintiff swerved to avoid a collision and ran his 1993 Dodge Dakota pickup truck off the road into a ditch and was unable to remove his car from the ditch line. The plaintiff then attempted to telephone relatives to come to retrieve him and his automobile but he could not obtain a signal on his cell phone. The plaintiff, therefore, walked up the slope of a nearby ridge

3

to try to obtain cell coverage. After reaching his father by telephone, the plaintiff saw a man later identified as the defendant, Devin Cribley, standing at the bottom of the hill.

Devin Cribley was off duty from his employment as a police officer and his reason for being at the location is unclear from plaintiff's complaint.[1] Defendant Cribley was dressed in a pair of overalls and cut off t-shirt and appeared to be pointing at plaintiff and commanded the plaintiff to walk to him. Plaintiff put his hands in the air because he did not know whether Cribley was armed and assumed that Cribley was the owner of the land. Plaintiff walked approximately 100 yards down the hillside toward Devin Cribley. As he approached Devin Cribley, a second man, later identified as the defendant, David Cribley, who was dressed almost identically to Devin Cribley, walked over to him. Neither man was holding a weapon; however, the defendant Devin Cribley was holding a radio. At that point, plaintiff put his hands down because he did not believe he was either in danger or that either of the Cribley brothers were armed.

Suddenly, and without warning, both defendants, Devin Cribley and David Cribley, grabbed for the plaintiff. Plaintiff tried to wrest himself from their grasp. Shortly thereafter, Devin Cribley identified both himself and his brother as off duty police officers. The brothers, who had been joined at that point by the defendant, Ryan McClellan, dragged the plaintiff "across a cow pasture," dropped him into a mud puddle,

---

[1] Cribley had apparently been dispatched to the scene by the West Hamblen Volunteer Fire Department in response to a call of an automobile accident with injuries.

4

and started to kick him in the face.

After plaintiff was dragged to the side of McBride Road, the defendant, Frankie Lane, a deputy sheriff with the Hamblen County, Tennessee Sheriff's Department arrived. Plaintiff was taken to the front of Lane's cruiser. Lane, who had plaintiff in his grasp after being released by the Cribleys, released plaintiff from his grasp, causing plaintiff to hit, face first, on the bumper of defendant Lane's cruiser. Plaintiff was then transported to the Hamblen County Sheriff's Department where he was detained for approximately eight hours and then released on bond. He was charged with assault and public intoxication and was later tried and acquitted by a jury in the Hamblen County Tennessee Criminal Court.

### III. Analysis And Discussion

Plaintiff has sued under 42 U.S.C. § 1983 for excessive force and unlawful seizure in violation of both the United States and the Tennessee Constitutions and makes several negligence claims under Tennessee state law. Section 1983 allows a person to sue to vindicate the deprivation of constitutional rights. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983

To establish liability under § 1983, plaintiff must demonstrate: 1) he was deprived

of a right secured by the Constitution or laws of the United States, and 2) the deprivation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005); *Searcy v. City of Deyton*, 38 F.3d 282, 286 (6th Cir. 1984).

### 1. Acting Under Color Of Law

An essential ingredient of a § 1983 claim is that the defendant acted under color of state law. *Flagg Bros.*, 436 U.S. at 155. Furthermore, the Fourteenth Amendment imposes limitation only on state action; it does not reach the conduct of private parties, no matter how discriminatory or harmful. *Brentwood Academy v. Tennessee Secondary Schools Athletic Asssociation*, 531 U.S. 288, 295 (2001). Thus, before this Court can address the issue of municipal liability for the actions of Devin Cribley, the Court must first examine whether the defendant Devin Cribley was acting under color of law. *See Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002). Whether an individual is acting under color of law is a legal issue for the court. *Id.*

Acts of police officers engaged in their private pursuits fall outside the purview of 42 U.S.C. § 1983. *Id.* State actors, however, who exceed their authority can still be acting under color of law because the term applies more broadly than the mere authority to act. *Screws v. United States*, 325 U.S. 91, 110-11 (1945) (defining "under color of law" as acting under "pretense" of law). The key determinant is whether the defendant intends to act in an official capacity or to exercise official responsibilities pursuant to state law.

6

*West v. Atkins*, 487 U.S. 42, 50 (1988); *Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001). The conduct must also relate "in some meaningful way either to the actor's governmental status or to the performance of his duties." *Waters*, 242 F.3d at 359. Put another way, the conduct allegedly causing the deprivation of a constitutional right must be "fairly attributable" to the state, either because the actor is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise changeable to the state. *Lugar v. Edmondson Oil Co.*, 475 U.S. 922, 937 (1982).

Applied to police officers, "it is the nature of the act performed which determines whether the officer has acted under color of law." *Neuens*, 303 F.3d at 670 (citing *Stengel v. Belcher*, 522 F.2d 438, 440 (6th Cir. 1975)). When a police officer purports to exercise official authority, he has acted under color of law. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2004) (citing *Waters*, 242 F.3d at 359). "Such manifestations of official authority include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations." *Id. See also Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995); *Pitchell v. Callahan*, 13 F.3d 545, 548 (2d Cir. 1994); *United States v. Tarpley*, 945 F.2d 806, 809 (5th Cir. 1991), *cert. denied*, 504 U.S. 917 (1992); *Bonsignore v. City of New York*, 683 F.2d 635, 638-39 (2d Cir. 1982); *Layne v. Sampley*, 627 F.2d 12,

7

13 (6th Cir. 1980); *Stengel v. Belcher*, 522 F.2d 438, 440-41 (6th Cir. 1975), *cert. dismissed*, 429 U.S. 118 (1976).

The defendant, City of Morristown, argues that Devin Cribley was not acting under color of law when the event at issue occurred. It is undisputed that Cribley was off duty at the time of the event which gives rise to plaintiff's complaint and that he was either responding to a call in his role as a volunteer fireman for the West Hamblen Volunteer Fire Department or was acting in his private capacity. It is also undisputed that the defendant Devin Cribley was out of uniform, was not driving a police car and that he did not display either a badge or a firearm. He did, however, identify himself as an off duty police officer and he did effect an arrest. At the time of the events which give rise to plaintiff's complaint in this case, Devin Cribley was at the scene of an automobile accident performing duties more akin to those performed by a police officer rather than a fireman. The acts of arresting the plaintiff and charging him with violations of state law clearly fall within the exercise of power possessed by virtue of his law enforcement duties.

Section 1983 is implicated not only where a state actor performs "an actual or apparent duty of his office," but also where "the actor could not have behaved as he did without the authority of his office." *Waters*, 242 F.3d at 359 (citing *West*, 487 U.S. at 49-50). Taking the facts stated in plaintiff's complaint as true, Devin Cribley relied on his status as a police officer to effect the alleged assault on the plaintiff and the alleged deprivation of constitutional rights was, therefore , "related in some meaningful way" to

8

his governmental status. *Waters*, 242 F.3d at 359; *See also, e.g. Lugar*, 457 U.S. at 936 (citing *Monroe v. Pate*, 365 U.S. 167, 172 (1961)) ("claim of constitutional deprivation" arises under § 1983 where 'directed against a party whose official character is such as to lend the weight of the State to his decisions'"). Thus, this Court cannot say, as a matter of law, in the context of a motion to dismiss, that Devin Cribley was not acting under color of state law at the time of the events which are relevant to his complaint herein.

2. **Section 1983 Claim Against The City Of Morristown**

Although § 1983 imposes liability on "any person," the statute applies to municipalities like the City of Morristown. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). Even assuming, however, that Devin Cribley was acting under color of law, that does not automatically mean that the City of Morristown is liable for his actions. There are two issues raised when a § 1983 claim is asserted against a municipality: 1) whether the plaintiff's harm was caused by a constitutional violation, and 2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). Because the Court has found, for the purposes of this motion to dismiss, a constitutional violation by Devin Cribley, the issue then becomes whether the City of Morristown is liable for such a violation. *Bukowski v. City of Toledo*, 326 F.3d 702, 712-13 (6th Cir. 2003).

A municipality is not liable merely for employing a wrongdoer and is not subject to liability pursuant to § 1983 on a theory of *respondeat superior*. *Monell*, 436 U.S. at

9

691; *Gregory v. Shelby County,* 220 F.3d 433 (6th Cir. 2000). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. This requires "a direct causal link between the policy and the alleged constitutional violation." *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (internal quotations omitted). Therefore, plaintiff must show he was injured by execution of the City's official policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005). The plaintiff may establish a policy or custom in several ways. There may be an official policy that defendants promulgated. *Monell*, 436 U.S. at 691. Plaintiff may also show a "pervasive custom or practice of which the [] lawmakers either know or reasonably should know." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Such a custom must be "so widespread and commonly accepted as to in effect have the force of law." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404; *Monell*, 436 U.S. at 690-91. Plaintiffs can also establish the requisite policy or custom for purposes of § 1983 by demonstrating that an official with policy making authority has taken a single act relating to the subject matter or area at issue. *City of St. Louis v. Paprotnik*, 485 U.S. 112, 127 (1988); *Pembauer v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986).

The plaintiff could also demonstrate liability under § 1983 against the City of Morristown by showing that the City failed to properly train and supervise its employees,

*City of Canton v. Harris*, 489 U.S. 378, 380 (1989). Liability under this theory will exist only if plaintiff "can prove that the [city's] failure to train evidences deliberate indifference to the rights of its inhabitants such that the failure to train in effect constitutes a governmental custom or policy within the *Monell* framework." *Id.* at 378.

The parties' filings and argument of their respective positions with respect to this issue are woefully inadequate. The City of Morristown raises the issue in two sentences in its brief in support of its motion as follows: "In this matter, the plaintiff has failed to submit or show this Court that any policy or custom of the City of Morristown, all easily accessible to the plaintiff as it is public record, resulting in a deprivation of his constitutional rights. In light of this failure, the City of Morristown should be dismissed as it relates to all of § 1983 claims in this matter." [Doc. 12 at pg. 5]. Plaintiff, on the other hand, attempts to identify several policies or customs which he asserts may form the basis for liability on the part of the municipality, without referring the Court to any specific language contained in his rather inartfully drafted complaint.[2]

While the City of Morristown cannot be held liable under § 1983 under a theory of *respondeat superior* or based upon negligence of one of its employees acting within the scope and course of his employment, the complaint does set forth theories of liability, which, if proven, could establish liability on the part of the City under § 1983. Paragraph

---

[2] Plaintiff's complaint in this case exhibits a lack of understanding of the elements of a claim under 42 U.S.C. § 1983 and mixes state common law concepts with those of a § 1983 action.

11

34 of plaintiff's complaint alleges that the City of Morristown is guilty of "violation of constitutional rights toward plaintiff in that said [entity] (a) failed to train their officers in proper interrogation procedures; (b) failed to train their officers in proper investigatory procedures; (c) failed to instruct their officers in the proper use of force, or, in the alternative, negligently provided woefully inadequate training in the procedures described above." Whether the plaintiff can escape summary judgment on this issue, after appropriate discovery, remains to be seen; however, he has sufficiently, though inartfully, stated a cognizable claim against the City of Morristown.

### 3. Liability of the Morristown Police Department

The motion to dismiss correctly argues that the Morristown Police Department is not a suable entity. *See e.g., De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D. Tenn. 1984) ("the sheriff's department is not a suable entity"). Therefore, plaintiff's suit against the Morristown Police Department will be dismissed.

### 4. State Law Claims

Plaintiff has also stated various state common law and constitutional law violations against the City of Morristown. The City moves for dismissal of these claims based upon

12

governmental immunity under the Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. § 29-20-101, *et seq.* Since the federal claim will not be dismissed at this time and the action will proceed through discovery, these claims should more appropriately be addressed in a motion for summary judgment.

## IV. Conclusion

For the reasons set forth above, the motion to dismiss filed by the City of Morristown will be DENIED, except that the claim of plaintiff against the Morristown Police Department will be DISMISSED.

So Ordered.

Enter:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
